**MALAMUT & ASSOCIATES, LLC**
Mark R. Natale, Esquire – no. 316939
457 Haddonfield Road, Suite 500
Cherry Hill, NJ 08002
856-424-1808
856-424-2032 (f)
*Attorneys for Plaintiff*

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Miguel Lopez** | : | |
| | : | |
| **Plaintiff** | : | **CIVIL ACTION** |
| | : | No. |
| v. | : | |
| | : | |
| **Lancaster Farm Fresh Organics, LLC** | : | |
| **Lancaster Farm Fresh Co-Operative** | : | |
| | : | **PLAINTIFF REQUESTS A** |
| | : | **TRIAL BY JURY** |
| | : | |
| **Defendants** | : | |

### COMPLAINT

**I.     PRELIMINARY STATEMENT:**

1. This is an action for an award of damages, declaratory and injunctive relief, attorney's fees and other relief on behalf of Plaintiff, Miguel Lopez. Plaintiff was an employee of Defendants, Lancaster Farm Fresh Organics, LLC and Lancaster Farm Fresh Co-operative, and who has been harmed by the Defendants' discriminatory and retaliatory employment practices.

2. This action arises under the Americans with Disabilities Act ("ADA") and the Family Medical Leave Act ("FMLA")

1

## II.     JURISDICTION AND VENUE

3. The jurisdiction of this Court is invoked, and venue is proper in this district, pursuant to 28 U.S.C. § 1391 as Plaintiff's claims are substantively based on the ADA and FMLA.

4. The Eastern District of Pennsylvania has specific jurisdiction over this matter because the events and occurrences that give rise to Plaintiff's claim occurred in this district. In addition, this district has general jurisdiction over the Defendant.

5. Plaintiff has exhausted all administrative remedies. Plaintiff filed a complaint with the EEOC and received a right to sue letter. Defendant's only response to Plaintiff's EEOC complaint was to attempt a defense that the wrong party was named, as Plaintiff had named "Lancaster Farm Fresh Co-Operative" instead of "Lancaster Farm Fresh Organics, LLC."

6. Defendant Farm Fresh Organic, LLC's internet site contains a transportation section which lists Defendant Lancaster Farm Fresh Co-operative as the "transportation department" of Lancaster Farm Fresh Organics, LLC.  As such, the two Defendants are inextricably entwined whereby Defendant Lancaster Farm Fresh Co-operative performs the transportation function for Defendant Lancaster Farm Fresh Organics, LLC's products.

7. Accordingly, Plaintiff was an employee of both Defendants.

8. Further, there are additional alternative bases for the inclusion of both parties. First, "Lancaster Farm Fresh Co-Operative" was an unintentional misnomer for Lancaster Farm Fresh Organics, LLC, the entity that was listed as Plaintiff's employer on paper.  The scrivener's error that led to Lancaster Farm Fresh Co-Operative" as opposed to "Lancaster Farm Fresh Organics, LLC" being named on the EEOC charge was a misnomer, and there was no dispute who the correct party was – as evidenced by Plaintiff's workers compensation claim.

9. Moreover, as stated above, the two entities – Lancaster Farm Fresh Co-operative and Lancaster Farm Fresh Organics, LLC are intertwined and constitute joint employers. Plaintiff only ever drove for and made deliveries for Lancaster Farm Fresh Cooperative, and upon information and belief that is true for all Lancaster Farm Fresh Organics, LLC employees.

10. In addition, Lancaster Farm Fresh Organics was on notice of the pending EEOC charge, and upon information and belief the same attorney represents both Defendants.

## III. PARTIES

11. The Plaintiff herein is Miguel Lopez, former employee of the Defendants.

12. The Defendants herein are Lancaster Farm Fresh Organics and Lancaster Farm Fresh Co-Operative. Plaintiff was, on paper, an employee of Lancaster Farm Fresh Organics. Lancaster Farm Fresh Co-Operative is the transportation department for Lancaster Farm Fresh Organics, and who served as a joint employer with Lancaster Farm Fresh Organics.

## IV. ADDITIONAL UNDERLYING FACTS

13. The Defendants, upon information and belief, employed 50 or more persons when the unlawful conduct alleged in this Complaint occurred.

14. Defendants employed Plaintiff for approximately twenty-seven years.

15. At all times relevant hereto, Defendants were acting through their agents, servants, and employees, who were acting within the scope of their authority, course of their employment, and under the direct control of Defendants.

16. At all times material herein, Defendants are and have been a "person" and "employer" as defined under the ADA and FMLA.

**V.     UNDERLYING FACTS**

17. Paragraphs 1 through 16 are incorporated by reference, as if set forth at length.

18. Plaintiff alleges that Defendants, through their agents, servants, and employees, subjected him to discrimination and retaliation violative of the ADA and FMLA, and accordingly subject to the provisions of each Act.

19. Plaintiff alleges that Defendants, through their agents, servants, and employees, failed to engage in the interactive process required to provide a reasonable accommodation for his disability. Defendants discriminated against the Plaintiff because of his disability, perceived disability, and request for a reasonable accommodation.

20. Defendants employed Plaintiff for approximately two and a half years.

21. On or about September 17, 2018, while in the course and scope of his employment, Plaintiff was injured in a truck accident.

22. Plaintiff was seriously injured in the accident, and his injuries interfered with one or more major life activities, qualifying them as a disability under the ADA.

23. Plaintiff reported the accident to his job, who gave him a list of doctors he could see through workers compensation.

24. Plaintiff went to the doctor and received treatment and was put on a light duty work restriction.

25. Two days later, on September 19, 2018, Plaintiff was terminated.

26. Plaintiff was terminated for disability, perceived disability, and need for a reasonable accommodation.

## COUNT I

## DISCRIMINATION AND RETALIATION UNDER AMERICANS WITH DISABILITIES ACT

27. Paragraphs 1-26 are incorporated herein as if set forth at length.

28. Plaintiff qualified as disabled under ADA because of his injury.

29. Plaintiff required a reasonable accommodation of a light duty restriction and/or a leave of absence if the light duty restriction could not be accommodated.

30. Defendants never engaged in the interactive process.

31. Defendants never tried to accommodate the Plaintiff.

32. Instead, Plaintiff was terminated only days after his accident because he was told he was costing the company too much money.

33. Plaintiff's termination violated the ADA in two ways.

34. First, Plaintiff was terminated because of his disability/perceived disability, in violation of the ADA.

35. Second, Plaintiff was terminated in retaliation for requesting a reasonable accommodation, in violation of the ADA.

36. Defendants, their upper level managers and supervisors all violated the ADA by terminating the Plaintiff.

## COUNT II

## INTENTIONAL INTERFERENCE UNDER THE FAMILY MEDICAL LEAVE ACT

37. Plaintiff repeats all of the facts and all of the paragraphs numbered 1 through 36 as if stated in their entirety herein.

38. Defendants were a covered employer under the FMLA because they each had fifty (50) or more employees, or in the alternative, combined to have over fifty (50) employees as joint employers.

39. Plaintiff worked for the Defendants full time for over two years and was eligible for FMLA leave.

40. Plaintiff was injured and placed on light duty restrictions.

41. Plaintiff's injury qualified him for FMLA leave.

42. Plaintiff was never given FMLA paperwork.

43. Plaintiff was never informed of his FMLA rights.

44. Rather than give the Plaintiff notice of his FMLA rights and provide him with FMLA paperwork, Defendants terminated the Plaintiff.

45. Plaintiff's termination violated the FMLA.

46. Plaintiff's termination as in interference for requesting FMLA leave.

47. Defendants, their upper level managers and supervisors willfully violated the FMLA by terminating the Plaintiff.

## PRAYER FOR RELIEF

48. Plaintiff incorporates paragraphs 1 through 47 as if set forth at length.

**WHEREFORE**, Plaintiff requests that this court enter judgment in his favor against the Defendants, and order that:

A. Defendants compensate Plaintiff with back pay, at a rate of pay and other benefits and emoluments of employment to which he would have been entitled had he not been subjected to unlawful discrimination based on his disability, age, and request for leave.

B. Defendants compensate Plaintiff with an award of front pay, if appropriate.

C. Defendants pay to Plaintiff punitive damages, compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses as allowable.

D. Defendants pay to Plaintiff pre- and post-judgment interest, the costs of suit and attorney and expert witness fees as allowed by law.

E. Defendants shall eliminate all unlawful discriminatory practices as well as remedy the discriminatory effect of past practices and procedures.

F. The Court shall award such other relief as if deemed just and proper, in law and/or equity, including injunctive relief if the Honorable Court deems said relief appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury.

**MALAMUT & ASSOCIATES, LLC**

/s/ Mark S. Natale
Mark R. Natale, Esquire