UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

MIGUEL LOPEZ, :
        Plaintiff, :
        :
    v. : No. 5:21-cv-01862
        :
LANCASTER FARM FRESH ORGANICS, LLC; :
LANCASTER FARM FRESH CO-OPERATIVE, :
        Defendants. :
_____

**O P I N I O N**
Motion to Dismiss, ECF No. 4 - Granted

**Joseph F. Leeson, Jr.**                                                                                          August 31, 2021
**United States District Judge**

**I.    INTRODUCTION**

        The above-captioned action was filed by Plaintiff Miguel Lopez against Defendants Lancaster Farm Fresh Organics, LLC ("Organics") and Lancaster Farm Fresh Co-Operative ("LFFC"). Lopez raises claims of discrimination and retaliation under the Americans with Disabilities Act ("ADA") and intentional interference under the Family Medical Leave Act ("FMLA"). Organics and LFFC move to dismiss Lopez's claims for his failure to exhaust his administrative remedies before filing his Complaint and for failure to state a claim. For the reasons set forth below, the Motion to Dismiss is granted, but Lopez is given leave to file an amended complaint.

**II.    BACKGROUND**

        According to the Complaint, Lopez "was, on paper, an employee of . . . Organics." *See* Compl. ¶ 12, ECF No. 1. He alleges that LFFC, which he alleges is the transportation

department for Organics according to Organics' website,[1] was his joint employer. *See id.* ¶ 6. Lopez alleges that he only "ever drove for and made deliveries for [LFFC], and upon information and belief that is true for all [Organics], employees." *Id.* ¶ 9. Lopez argues that LFFC and Organics are "inextricably entwined" and joint employers. *See id.* ¶¶ 6-7.

Lopez had been employed for many years[2] when, on or about September 17, 2018, he was injured in a truck accident that allegedly occurred in the course of his employment. *See id.* ¶ 21. Lopez alleges that the injuries he sustained in the accident were serious and interfered with one or more major life activities, qualifying them as a disability under the ADA and qualifying him for FMLA leave. *See id.* ¶¶ 22, 41. Lopez "reported the accident to his job, who gave him a list of doctors he could see through workers compensation." *Id.* ¶ 23. Thereafter, Lopez visited a doctor and was put on light duty work restriction. *See id.* ¶ 24. Two days later, Lopez's employment was terminated. *See id.* ¶ 25. Lopez alleges that LFFC and Organics, as one entity, "terminated for disability, perceived disability, and need for a reasonable accommodation." *See id.* ¶¶ 26. He further alleges that Defendants failed to inform him of his FMLA rights and that his termination interfered with his ability to request FMLA leave. *See id.* ¶¶ 43-46. Thereafter, Lopez filed a complaint with the Equal Employment Opportunity Commission ("EEOC") against LFFC only and received a right to sue letter. *See id.* ¶ 5.

---

[1] *But see* Resp. 2, ECF No. 4 (Defendants state that LFFC is an organic farmers' cooperative of over 100 family farmers, primarily members of the Amish church, that sells its produce to various third parties. LFFC contracts with Organics, which is a transportation company that primarily provides transport of agricultural produce, for its transportation needs.).

[2] The Complaint makes inconsistent allegations as to the length of Lopez's employment, stating that he was employed by the Defendants for "twenty-seven years" and for "two and a half years." *See* Compl. ¶¶ 14, 20. *See also* Resp. 3 (Defendant's response states Lopez was hired on April 18, 2016, and terminated on September 19, 2018.).

Lopez filed the instant action against LFFC and Organics asserting violations of the ADA and FMLA. *See id.* ¶¶ 27-47. LFFC and Organics have moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). *See* Mot., ECF No. 4. The motion presents three arguments: (1) the Complaint makes only conclusory statements that Defendants were joint employers and should be dismissed for failure to state a claim; (2) Lopez's claims against Organics should be dismissed for lack of subject matter jurisdiction because Lopez failed to exhaust his administrative remedies; and (3) the FMLA claim should be dismissed because Lopez failed to plead any facts in support of his assertions of intentional indifference. *See id.*; Brief. Lopez filed a response in opposition to the motion. *See* Resp., ECF No. 9.

### III.   LEGAL STANDARDS

#### A.   Motion to Dismiss – Review of Applicable Law

"Although it is a 'basic tenet' of administrative law that a plaintiff should timely exhaust all administrative remedies before seeking judicial relief, the purpose of this rule is practical, rather than a matter affecting substantive justice. . . . Failure to exhaust is in the nature of statutes of limitation and does not affect the District Court's subject matter jurisdiction." *Anjelino v. N.Y. Times Co.*, 200 F.3d 73, 87-88 (3d Cir. 1999). "Failure to exhaust administrative remedies, while not a jurisdictional defect, is a ground to dismiss a case for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." *Devine v. St. Luke's Hosp.*, 406 F. App'x 654, 656 (3d Cir. 2011). Accordingly, despite Defendants reference to Rule 12(b)(1), their argument that the claims against Organics should be dismissed for failure to exhaust by filing an EEOC complaint will be considered under Rule 12(b)(6). *See Anjelino*, 200 F.3d at 87-88 (holding that a district court should consider failure to exhaust administrative remedies under Rule 12(b)(6), rather than under Rule 12(b)(1)); *Vazquez v. Carr & Duff, Inc.*, No. 16-1727, 2017 U.S. Dist.

LEXIS 160972, at *6 (E.D. Pa. Sep. 22, 2017) (concluding that the defendants' exhaustion arguments should be considered under Federal Rule of Civil Procedure 12(b)(6)).

Under Rule 12(b)(6), the court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted). Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* As the Supreme Court has observed, "(explaining that determining "whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense"). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). Additionally, "a document integral to or explicitly relied upon in the complaint may be considered." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (internal quotations omitted). The defendant bears the burden of proving that a plaintiff has failed to state a claim upon which relief can be granted. *See Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

B.       ADA - Review of Applicable Law

The ADA states: "No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). "The term 'covered entity' means an employer, employment agency, labor organization, or joint labor-management committee." 42 U.S.C. § 12111(2). An "employer" is defined as "a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year. . . ." 42 U.S.C. § 12111(5)(A).

To state a prima facie case of discrimination under the ADA a plaintiff must also show: "(1) he is a disabled person within the meaning of the ADA; (2) he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) he has suffered an otherwise adverse employment decision as a result of discrimination." *Gaul v. Lucent Techs.*, 134 F.3d 576, 580 (3d Cir. 1998). "To establish a prima facie case of retaliation under the ADA, a plaintiff must show: (1) protected employee activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action." *Krouse v. Am. Sterilizer Co.*, 126 F.3d 494, 500 (3d Cir. 1997).

The ADA defines "disability" as either (1) "a physical or mental impairment that substantially limits one or more major life activities of such individual;" (2) "a record of such an impairment;" or (3) "being regarded as having such an impairment." 42 U.S.C. § 12102(1). "[M]ajor life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing,

learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A).  "The determination of whether an individual is substantially limited in a major life activity must be made 'on a case-by-case basis.'"  *Matthews v. Pa. Dep't of Corr.*, 613 F. App'x 163, 167 (3d Cir. 2015) (quoting *Albertson's Inc. v. Kirkingburg*, 527 U.S. 555, 566 (1999)).  Congress included a "record of" claim to protect individuals who once suffered from a disability, but recovered, from being discriminated against based on their prior condition.  *See Eshelman v. Agere Sys.*, 554 F.3d 426, 436-37 (3d Cir. 2009).  Finally, an "individual meets the requirement of 'being regarded as having such an impairment' if the individual establishes that he or she has been subjected to an action prohibited under this Act because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity."  42 U.S.C. § 12102(3)(A).  To prevail on a regarded-as claim, the "plaintiff would have to show that his employer misinterpreted information about his limitations to conclude that he was unable to perform a 'wide range or class of jobs.'"  *Keyes v. Catholic Charities of the Archdiocese of Phila.*, 415 F. App'x 405, 410 (3d Cir. 2011).  The "plaintiff must show that the employer believed that a major life activity was substantially limited by the plaintiff's impairment."  *Popko v. Penn State Milton S. Hershey Med. Ctr.*, No. 1:13-cv-01845, 2014 U.S. Dist. LEXIS 95486, at *16 (M.D. Pa. July 14, 2014).

      C.      **FMLA Interference - Review of Applicable Law**

"To make a claim of interference under the FMLA, a plaintiff must establish: (1) he or she was an eligible employee under the FMLA; (2) the defendant was an employer subject to the FMLA's requirements; (3) the plaintiff was entitled to FMLA leave; (4) the plaintiff gave notice to the defendant of his or her intention to take FMLA leave; and (5) the plaintiff was denied benefits to which he or she was entitled under the FMLA."  *Ross v. Gilhuly*, 755 F.3d 185, 191-

92 (3d Cir. 2014) (citations omitted).  In providing notice pursuant to the fourth element, "an employee must provide notice to the employer as soon as practicable under the facts and circumstances of the particular case." 29 C.F.R. § 825.303(a).  "When an employee seeks leave for the first time for a FMLA-qualifying reason, the employee need not expressly assert rights under the FMLA or even mention the FMLA." 29 C.F.R. § 825.303(b).  To satisfy the fifth element, a plaintiff alleging that he was denied benefits because the employer failed to notify him of his FMLA rights, must also establish that he was prejudiced by the employer's omission "rendered him unable to exercise that right in a meaningful way, thereby causing injury." *Conoshenti v. Pub. Serv. Elec. & Gas Co.*, 364 F.3d 135, 143 (3d Cir. 2004).

FMLA interference can be either intentional (willful) or unintentional.  The time to bring an FMLA action is dependent on whether or not the violation is willful.  *See* 29 U.S.C. § 2615(c).  "A plaintiff attempting to establish a willful violation of the FMLA must do more than show that his 'employer knew [the FMLA] was in the picture,' because such a low standard would 'obliterate any distinction between willful and nonwillful violations.'" *Rigel v. Wilks*, No. 1:03-CV-971, 2006 U.S. Dist. LEXIS 93659, at *42-43 (M.D. Pa. Dec. 28, 2006) (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 132-33 (1988)).  An "employer 'willfully' violates the FMLA if it knew or showed reckless disregard for whether its conduct was prohibited by the FMLA." *See Bowyer v. Dish Network, LLC*, No. 08-1496, 2010 U.S. Dist. LEXIS 14680, at *12 (W.D. Pa. Feb. 19, 2010).

    **D.**    **Joint Employer and Single Employer Tests – Review of Applicable Law**

"District courts in the Third Circuit apply the 'Joint employer' test when 'two entities exercise significant control over the same employees.'" *Ginsburg v. Aria Health Physician Servs.*, No. 12-CV-1140, 2012 U.S. Dist. LEXIS 124243, at *10 (E.D. Pa. Aug. 31, 2012)

(quoting *Graves v. Lowery*, 117 F.3d 723, 727 (3d Cir. 1997)). Accordingly, the Third Circuit has developed a four-factor test to determine whether a joint employer relationship exists. *In Re Enterprise Rent-A-Car Wage & Hour Empl. Practices Litig.*, 683 F.3d 462, 469 (3d Cir. 2012).[3] Utilizing this test:

> Courts are directed to consider whether the alleged joint employer
> (1) had the 'authority to hire and fire' the employee;
> (2) had the 'authority to promulgate work rules and assignments and to set the employee['s] conditions of employment: compensation, benefits, and work schedules, including the rate and method of payment:'
> (3) was involved in the employees' 'day-to-day supervision, including employee discipline;' and
> (4) had 'actual control of employee records, such as payroll, insurance, or taxes.'

*Pinto*, U.S. Dist. LEXIS 28634, at *9 (quoting *In re Enterprise*, 683 F.3d at 469).

Similarly, the "single employer" theory allows a court to determine "whether 'two nominally distinct companies' should be treated as a single entity for purposes of antidiscrimination laws." *Anderson v. Finley Catering Co.*, 218 F. Supp. 3d 417, 422 (E.D. Pa. 2016) (citing *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 84 (3d. Cir. 2003)). "As the United States Court of Appeals for the Third Circuit has explained, a court should consider two

---

[3] Courts have utilized variations of the joint employer test for various types of claims. *See e.g.*, *Nationwide Mut. Ins. Co. v. Darden*, 503 US 318, 323 (1992) (establishing a test to determine joint employer status in Title VII cases); *Savakus-Malone v. Piramal Critical Care, Inc.*, No. 5:18-CV-05063, 2019 U.S. Dist. LEXIS 111998 (E.D. Pa. July 3, 2019) (using *Enterprise* for plaintiff's FLSA claims); *Wadley v. Kiddie Acad. Int'l, Inc.*, No. 17-CV-05745, 2018 U.S. Dist. LEXIS 169453 (E.D. Pa. Oct. 1, 2018) (determining joint employer status for plaintiff's Title VII, ADA, and PHRA claims utilizing a variation of the joint employer test). However, this Court will utilize the four prong *Enterprise* test because it has been used in similar situations as to the present case. *See Pinto v. Bricklayers & Allied Craftworkers Local 1 PA/DE*, No. 2:18-CV-0169, 2019 U.S. Dist. LEXIS 28634 (E.D. Pa. Feb. 21, 2019) (utilizing *Enterprise*'s joint employer test for the plaintiff's ADA and FMLA claims). Notably, all joint employer tests share the concept that "[n]o single factor is dispositive and a weak showing on one factor may be offset by a strong showing on the other[s]." *See Wadley*, 2018 U.S. Dist. LEXIS 169453, at *7 (quoting *Myers v. Garfield & Johnson Enters.*, 679 F. Supp. 2d 598, 608 (E.D. Pa. 2010)).

companies to be a 'single employer' where the 'two . . . entities' affairs are so interconnected that they collectively caused the alleged discriminatory employment practice.'" *Id.* (quoting *Nesbit*, 347 F.3d at 87). "A determination as to whether two entities are interconnected requires an 'intentionally open-ended, equitable inquiry,' which focuses 'on the degree of operational entanglement—whether operations of the companies are so united that nominal employees of one company are treated interchangeably with those of another.'" *Wadley*, 2018 U.S. Dist. LEXIS 169453, at *8 (quoting *Nesbit*, 347 F.3d at 87). In determining whether two separate employers should be considered a single employer, the court considers factors such as:

> (1) the degree of unity between the entities with respect to ownership, management (both directors and offers), and business functions (e.g., hiring and personnel matters)
> (2) whether they present themselves as a single company such that third parties dealt with them as one unit,
> (3) whether a parent company covers the salaries, expenses, or losses of its subsidiary, and
> (4) whether one entity does business exclusively with the other.

*Anderson*, 218 F. Supp. 3d at 422 (citing *Nesbit*, 347 F.3d at 87).

## IV. ANALYSIS

### A. Based on Lopez's failure to allege Organics and LFFC are joint employers or a single employer both Defendants are dismissed.

Lopez fails to plead facts which the Court may construe as meeting the *Enterprise* test for joint employers. The Complaint makes no allegations as to which Defendant had hiring and firing authority or who was involved in employee supervision and discipline. Instead, Lopez simply alleges that he was terminated for "costing the company too much money." *See* Compl. ¶¶ 25, 32. The Complaint is also devoid of any allegations as to who promulgated work policies and assignments, set employee schedules, or determined compensation and benefits. To the extent Lopez alleges he "only ever drove for an made deliveries for [LFFC], and upon

information and belief[4] that is true for all [Organics] employees," Compl. ¶ 9, he offers no specific factual allegations to support this statement.  Further, the Court cannot make any reasonable inferences from this allegation in light of, *inter alia*, Lopez's contradictory allegations as to something as simple as how long he was employed.  Rather, the only allegation in the Complaint that might go to one of the *Enterprise* factors is that "on paper" Lopez was only an employee of Organics.  *See* Compl. ¶ 12.  However, this allegation suggests that Lopez was an employee of only Organics and does nothing to support his claim that LFFC and Organics are joint employers.

For these reasons and in the absence of any allegations regarding the management of LFFC and Organics or their exclusivity, Lopez also fails to allege that Defendants are a single employer.[5]  As to the allegation that LFFC is listed as the "transportation department" on Organics' internet site, that alone does not suggest, as Lopez contends, that the two Defendants are "inextricably entwined" because a company could provide transportation services for another company by way of contract.  Despite Lopez's argument in his response brief that "the two Defendants operate as essentially one entity, including sharing a location," *see* Resp. 2, the Complaint contains no allegations about Defendants' operations, nor does it allege that they

---

[4] The Third Circuit has held that a plaintiff may plead upon information and belief "[w]here it can be shown that the requisite factual information is peculiarly within the defendant's knowledge or control'—so long as there are no 'boilerplate and conclusory allegations' and '[p]laintiffs . . . accompany their legal theory with factual allegations that make their theoretically viable claim plausible.'" *Weigang Wang v. Saker ShopRites, Inc.*, No. 16-CV-2443 (MAS) (TJB), 2017 U.S. Dist. LEXIS 11074, at *12-13 (E.D. Pa. Jan 26, 2017) (quoting *McDermott v. Clondalkin Grp., Inc.*, 649 F. App'x 263, 267-68 (3d Cir. 2016)).
Lopez has not alleged that the information is solely within the knowledge and control of Defendants, nor has he presented any factual allegations whatsoever that would support such a statement.  Moreover, as explained above, the Complaint contains conclusory allegations.

[5] This is a much closer decision than whether Defendants are joint employers, but for all the reasons set for herein and based only on the allegations in the Complaint and not the response, the Court finds it is appropriate to grant the motion to dismiss with leave to amend.

share a location. In the absence of factual support, the broad and conclusory assertions LFFC and Organics are "intertwined and constitute joint employers" are insufficient to state a claim or warrant discovery.

Accordingly, the Complaint fails to state a claim against LFFC because there are insufficient allegations that LFFC employed Lopez. Additionally, because Lopez failed to file an EEOC complaint against his "on paper" employer Organics, he failed to exhaust administrative remedies and it too is dismissed. The dismissal, however, is without prejudice and with leave to Lopez to file an amended complaint adding additional, specific factual allegations supporting his claims.

Although both Defendants are dismissed, the Court nevertheless considers the merits of Lopez's claims so that he can cure the deficiencies outlined herein should he choose to file an amended complaint. *See Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004) (holding that "if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile").

### B.  Lopez failed to state an ADA claim.

As to the ADA claim, the Complaint fails to allege sufficient facts to show that Lopez is disabled or that Defendants regarded him as disabled. Although Lopez is not required to include the precise name or diagnosis of his impairment to meet the first definition of a "disability," he must allege sufficient facts from which the Court can determine whether his impairment qualifies as a "disability" under the ADA. *Compare McCann v. Catholic Health Initiative*, No. 98-CV-1919, 1998 U.S. Dist. LEXIS 14011, at *4-5 (E.D. Pa. Sept. 8, 1998) (dismissing the complaint without prejudice because the plaintiff failed to provide the court with even "some inkling as to his predicament" and made only a few "conclusory and nebulous generalizations"), *with Balliet*

*v. Scott's Auto Serv.*, No. 11-cv-05394, 2013 U.S. Dist. LEXIS 45321, at *14-15 (E.D. Pa. Mar. 29, 2013) (finding that although the plaintiff did not name her impairment, the complaint alleged sufficient facts - that her diagnosed medical conditions affected her musculoskeletal system, nervous system, and internal organs, and also restricted her ability to cook for herself, to use her right arm, to move about, to dress, to concentrate, to sit, to stand, to do household chores, yard work, and the work of a bookkeeper - from which it could be determined that she was disabled for purposes of the ADA). *Accord Fowler v. UPMC Shadyside*, 578 F.3d 203, 213-14 (3d Cir. 2009) (holding that the plaintiff was not required to allege the particulars about the major life activity affected by her alleged disability or detail the nature of her substantial limitations in the complaint where her complaint identified the qualifying impairment, of which the defendant allegedly was aware). Lopez has failed to satisfy this requirement. The Complaint alleges merely that Lopez suffered "serious" injuries in a traffic accident. Although Lopez also alleges that the injuries interfered with one or more major life activities, he does not allege what such activities were. *See Riley v. St. Mary Med. Ctr.*, 2014 U.S. Dist. LEXIS 57065, at *21 (E.D. Pa. Apr. 23, 2014) (dismissing the ADA claim because the plaintiff "provided no facts illuminating to what extent or how her activities are 'limited'"). Lopez's failure to identify the impairment, *see Albertson's, Inc.*, 527 U.S. at 566 (finding that "some impairments may invariably cause a substantial limitation of a major life activity"), coupled with the lack of factual allegations describing how the impairment affected his activities of daily living, *see Popko v. Penn State Milton S. Hershey Med. Ctr.*, No. 1:13-cv-01845, 2015 U.S. Dist. LEXIS 109939, at *10 (M.D. Pa. Aug. 19, 2015) ("Crucially, Plaintiff also fails to adequately allege facts in support of his assertion that he is accordingly substantially limited in performing the major life activities of 'eating and sleeping . . . interacting with others, thinking, concentrating, and judgment'"), are

insufficient to state an ADA claim. *See Alja-Iz v. United States V.I. Dep't of Educ.*, No. 2014-42, 2015 U.S. Dist. LEXIS 41572, at *7 (D.V.I. Mar. 31, 2015) (holding that the complaint's description of the plaintiff as "disabled" without also identifying his purported disability is "a conclusory legal statement with no factual underpinning").

Similarly, the Complaint fails to plead sufficient facts to support the claim that Lopez was regarded as being disabled. "Simply alleging that an employer knew about a disability is not sufficient to demonstrate that the employer regarded the employee as disabled." *Amoroso v. Bucks County Court of Common Pleas*, No. 13-0689, 2014 U.S. Dist. LEXIS 41469, at *24-25 (E.D. Pa. Mar. 28, 2014). As previously stated, the Complaint contains no information as to what Lopez's limitations were or how such injuries affected any major life activities, nor does it include factual allegations regarding what information Defendants misinterpreted to conclude that he was unable to perform his job. Therefore, he has failed to state a "regarded as" claim. *See Szarawara v. County of Montgomery*, No. 12-5714, 2013 U.S. Dist. LEXIS 90386, at *21-22 (E.D. Pa. June 27, 2013) (concluding that nothing in the complaint "even hint[ed] at the nature of the limitation from which Defendant allegedly believed him to suffer," and dismissing the "patently insufficient pleading").

Accordingly, should Lopez choose to file an amended complaint, he must include additional factual allegations to support his ADA claim.

    **C.**    **Lopez failed to state an FMLA claim.**

The Complaint is devoid of any allegations that Lopez provided notice to his employer of his intent to take FMLA leave. Although the response to the Motion to Dismiss states that Lopez "was noticeably and visibly injured in a car wreck that required him to immediately miss time from work and would need continued time off for medical treatment [and that] Defendant was

aware of this," there are no such allegations in the Complaint.  *See* Resp. 2.  To the contrary, the Complaint alleges that the doctor put Lopez "on light duty work restriction."  *See* Compl. ¶ 24.  This allegation suggests that Lopez was able to return to work with restrictions and that he would not be required to take leave.  There is also no indication in the Complaint that Lopez would require future medical treatment.  Because Lopez failed to identify his alleged disability or the major life activities that his injury impacted, as discussed in the previous section, this Court has insufficient information to make any inferences about his need for future medical care or for leave from work.  In the absence of such allegations, the Complaint fails to sufficiently allege that Defendants "knew" Lopez needed FMLA leave, let alone that Defendants knew their conduct was prohibited by the FMLA.  The FMLA claim therefore fails to state a claim and must contain additional factual support should Lopez reassert the claim in an amended complaint.

## V.   CONCLUSION

The Complaint consists of nothing more than vague and inconsistent allegations, which is insufficient to show that Organics and LFFC are joint employers or a single employer.  The Complaint is therefore dismissed without prejudice to Lopez to file an amended complaint.  Lopez is advised that if he files an amended complaint that he must also include additional factual allegations to support his claims under the ADA and the FMLA.  The Motion to Dismiss is granted.

A separate order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge
